UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROSALYN CAMPBELL,

        Petitioner,

v.                                         Case No. 21-cv-1115-pp

JENNIFER MCDERMOTT,

        Respondent.

**ORDER SCREENING HABEAS PETITION (DKT. NO. 1) AND DISMISSING CASE WITHOUT PREJUDICE**

On September 24, 2021, the petitioner, who at the time she filed the petition was incarcerated at Taycheedah Correctional Institution[1] and is representing herself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging her conviction for battery and criminal damage to property. Dkt. No. 1. The petitioner has paid the $5.00 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it appears from the face of the petition that the petitioner is not entitled to relief, the court will dismiss the petition.

**I.    Background**

The petition refers to Milwaukee County criminal case 2020F000917. Dkt. No. 1 at 2. The court has reviewed the publicly available docket for this

---

[1] It appears that the petitioner was released on extended supervision on September 13, 2022. https://appsdoc.wi.gov/lop/details/detail (under the name "Roslon A. Campbell," DOC #00256970.

1

case. See State of Wisconsin v. Campbell, Case No. 2020CF000917 (Milwaukee County Circuit Court) (available at https://wcca.wicourts.gov). It reflects that on February 28, 2020, the State of Wisconsin filed a criminal complaint against the petitioner, alleging one count of felony battery or threat to a judge, prosecutor or law enforcement officer in violation of Wis. Stat. §940.203(2) and one count of misdemeanor criminal damage to property in violation of Wis. Stat. §043.01(1). Id. The docket shows that on August 28, 2020, the petitioner pled guilty to both counts. Id. The state court sentenced the petitioner to six months confinement. Id. The court entered judgment on September 4, 2020. Id. The docket does not indicate that the petitioner ever filed a motion for postconviction relief or that she appealed; the last docket entry is the court's entry of judgment on September 4, 2020. Id. The petition indicates that the petitioner did not file any other motion for postconviction relief in state court. Dkt. No. 1 at 3-4.

## II.     Rule 4 Screening

### A.     Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims.

2

Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted her state court remedies and avoided procedural default. Generally, a state prisoner must file her *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of [his/her] federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner

3

prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. Analysis

The petition asserts one ground for relief: double jeopardy. Dkt. No. 1 at 2. That is a ground generally cognizable on federal *habeas* review. See Boyd v. Boughton, 798 F.3d 490, 493 (7th Cir. 2015) (considering double jeopardy claim on *habeas* review). At the screening stage, the court expresses no view on the merits of any of the petitioner's claims; the court finds only that the petitioner has stated a claim of a type that generally is cognizable on *habeas* review.

But the court cannot consider the merits of the claim because it does not appear from the face of the petition (or from the state court docket) that the petitioner has exhausted her state remedies. The exhaustion requirement gives the state an opportunity to pass upon and correct alleged violations of the federal rights of persons who are incarcerated by the state. Bolton v. Akpore, 730 F.3d 685, 694 (7th Cir. 2013). To exhaust her claims, "[a] petitioner must raise [her] constitutional claims in state court 'to alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely that federal issue.'" Weddington v. Zatecky, 721 F.3d 456, 465 (7th Cir. 2013) (quoting Villanueva v. Anglin, 719 F.3d 769, 775 (7th Cir. 2013)). To comply with this requirement, a petitioner must "fairly present" the claim in each appropriate state court. Bolton, 730 F.3d at 694-95. "The failure to present fairly each habeas claim in state court 'leads to a default of the claim[s] and

4

bar[s] the federal court from reviewing the claim[s'] merits.'" Weddington, 721 F.3d at 456 (quoting Smith v. McKee, 598 F.3d 374, 382 (7th Cir. 2010)). The courts call this circumstance "procedural default." "[S]trict enforcement of the exhaustion requirement . . . encourage[s] habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition." Rose v. Lundy, 455 U.S. 509, 520 (1982)).

The docket shows, and the petition confirms, that the petitioner never presented her double jeopardy claim in state court. Under Wisconsin law, a criminal defendant who wants to appeal a criminal conviction or sentence must file a notice of intent to seek post-conviction relief within twenty days of the date of "sentencing or final adjudication." Wis. Stat §809.30(2)(b). There is no evidence that the petitioner did this. Wisconsin law also allows an incarcerated person serving a criminal sentence to file a motion arguing that her conviction or sentence was invalid at any time "[a]fter the time for appeal or postconviction remedy . . . has expired." Wis. Stat §974.06(1). The petitioner did not do this. The petitioner has not explained why she did not exhaust her state-court remedies before filing this federal *habeas* petition or why she waited over a year after the state court imposed sentence to file this federal *habeas* petition. Because the petitioner has not exhausted her remedies in state court, the court must dismiss the petition without prejudice. That means that if the petitioner is able to exhaust her state-court remedies, she may refile the petition once she has done so.

### III. Certificate of Appealability

When the court enters an order denying habeas relief, it must issue or deny a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases. A district court judge can issue a certificate of appealability for a habeas petition decided on procedural grounds, including a failure to exhaust state remedies, "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483 (2000). No reasonable jurist would find it debatable that the petitioner did not exhaust her state remedies. The court will deny a certificate of appealability.

### IV. Conclusion

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** because the plaintiff has not exhausted her state remedies. The clerk will enter judgment accordingly.

The court **DECLINES** to issue a certificate of appealability.

Dated in Milwaukee, Wisconsin this 31st day of October, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**